United States District Court
Southern District of Texas
**ENTERED**
October 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-17-1975 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant City of Houston's Motion for Summary Judgment (Doc. 23). The court has considered the motion, all responses, relevant summary judgment evidence and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I. Case Background

Plaintiff Joseph Chhim ("Chhim") filed this employment action against Defendant City of Houston ("the City") alleging discrimination based on his race (Asian), color (brown), and national origin (Cambodian), when he was not hired by the City. Chhim also claims that he was not hired in retaliation for filing complaints of discrimination against the City with the Equal Employment Opportunity Commission ("EEOC").

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated Aug. 23, 2017.

A.  **Chhim's prior suits against the City**[2]

In 1990, Chhim filed two employment actions against the City's Department of Aviation.[3] After a consolidated trial in December 1993, the court entered a judgment in favor of the City.[4]

In May 1993, Chhim again sued the City for job discrimination.[5] Based on a settlement agreement attached as an exhibit to his response to the City's motion for summary judgment, Chhim settled this suit in October 1994 in exchange for $5,000 and his agreement to drop all existing discrimination charges, including a workers' compensation claim and the appeal in the 1990 case.[6] Chhim also agreed not to apply for any other job with the City's Aviation Department, but was not precluded from other City employment.[7]

On October 23, 1995, the City removed an action in which Chhim alleged that he was wrongfully terminated as a Custodian Leader based on his national origin and in retaliation for a prior

---

[2]  Cobbling together the exhibits attached to Chhim's response to summary judgment and examining the court's docket, Chhim has a lengthy employment-related history with the City. The court briefly summarizes it here and moves on to the current allegations.

[3]  See Chhim v. Dept. of Aviation Houston, 4:90cv374; Chhim v. Dept. of Aviation Houston, 4:90cv1760. The pleadings were not scanned and are not available.

[4]  See id.

[5]  See Chhim v. Dept. of Aviation Houston, 4:93cv1634.

[6]  See Doc. 24, Chhim's Resp. to City's Mot. for Summ. J. p. 39.

[7]  See id. p. 40.

workers' compensation claim.[8]  The City countered that he was fired for poor work performance.[9]  On September 17, 1997, the jury returned a verdict in favor of the City.[10]

On July 28, 2008, Chhim sued the City for employment discrimination and retaliation based on the City's alleged refusal to hire him.[11]  Chhim's claims were dismissed after a bench trial determined that he failed to produce evidence of discrimination or retaliation under Title VII, the Americans with Disabilities Act or the Age Discrimination in Employment Act.[12]

On April 25, 2011, Chhim sued the City for employment discrimination and retaliation based on the City's alleged refusal to hire him for a custodian position in November 2010.[13]  The court granted the City's motion for summary judgment, finding that Chhim had presented no evidence raising a genuine issue for trial on either claim.[14]

On August 10, 2015, the City removed a lawsuit filed by Chhim

---

[8]     See Chhim v. City of Houston, 4:95cv4970, Doc. 1, Not. of Removal.

[9]     See Chhim v. City of Houston, 4:95cv4970, Doc. 70, Per Curiam Op. p. 1.

[10]    See Chhim v. City of Houston, 4:95cv4970, Doc.41, Final J.

[11]    See Chhim v. City of Houston, 4:08cv2359, Doc. 1, Pl.'s Compl.

[12]    See Chhim v. City of Houston, 4:08cv2359, Doc. 55, Findings of Fact and Conclusions of Law p. 11.

[13]    See Chhim v. City of Houston, 4:11cv1560, Doc. 1, Pl.'s Compl.

[14]    See Chhim v. City of Houston, 4:11cv1560, Doc. 26, Ord. Dated Dec. 3, 2012.

3

alleging discrimination and retaliation based on his failure to obtain a position as a parking enforcement officer, custodian, custodian leader, building maintenance supervisor and park maintenance aide.[15]  The case was dismissed.[16]

## B.  **The Present Suit**

Chhim alleges that he applied online for a number of open positions from July 2012 to March 2013.  After he was not contacted by the City about any of these positions, he filed an administrative complaint with the EEOC on May 1, 2013, alleging discrimination on the basis of his race, sex, national origin, age and in retaliation for prior complaints of discrimination.[17]  On March 6, 2014, Chhim amended his complaint to allege additional, unsuccessful applications for positions with the City.[18]

At his deposition, Chhim stated that he only intended to sue

---

[15]  See Chhim v. City of Houston, 4:15cv2287, Doc. 1, Not. of Removal p. 3.

[16]  See Chhim v. City of Houston, 4:15cv2287, Doc. 24, Final J. Dated Jul. 21, 2016.

[17]  See Doc. 1-1, Ex. A to Pl.'s Compl., EEOC Compl.

In the EEOC complaint, he alleged that he unsuccessfully applied for the following positions: Custodian (July 25, 2012), Parking Enforcement Officer (October 17, 2012), Custodian Leader (November 27, 2012), Building Maintenance Supervisor (November 28, 2012), Messenger (December 29, 2012), Custodian (February 26, 2013) Building Maintenance Supervisor (March 6, 2013) and Park Maintenance Aide (March 19, 2013).

[18]  See Doc. 1-1, Ex. B to Pl.'s Compl., Am. Allegations.  Those positions were Police Service Officer and Field Supervisor/KF (April 2013), Custodian and Maintenance Mechanic III (May 2013); Semi-Skilled Laborer/KF (August 2013).

the City concerning the General Services Department positions.[19] Tameka Hardison, the Division Manager for the Employment Resource and Services Division of the Human Resources Department of the City, explained that each City department functioned independently of each other in making hiring decisions. She stated that each City Department relied on its own assigned human resources generalist or specialist to screen applicants and refer the best candidates for the advertised position.[20]

Lula Nelson ("Nelson"), a Senior Human Resources Generalist assigned to the City's General Services Department, stated that Chhim's applications for the General Service Department were made through NeoGov, an online application system used by the City.[21] The NeoGov system does not reveal the applicant's age, national origin, race or other protected characteristics during the application process.[22] With respect to the job openings in the General Services Department,[23] Nelson averred that she screened Chhim's applications and rejected each one after each application

---

[19] See Doc. 26-1, Ex. E to City's Mot. for Summ. J., Dep. of Chhim p. 44.

[20] See Doc. 26-2, Ex. F. to City's Mot. for Summ. J., Decl. of Tameka Hardison pp. 1-2.

[21] See Doc. 23-2, Ex. B to City's Mot. for Summ. J., Decl of Lula Nelson p. 1.

[22] See id. p. 2.

[23] The General Services Department Openings were PN 09082 Custodian, PN 10134 Building Maintenance Supervisor, PN 10929 Custodian, and PN 11004 Maintenance Mechanic III.

showed that Chhim had been terminated from the City's employment.[24] Nelson believed that a termination was a disqualifying event and did not refer those applications to the respective hiring manager for further consideration.[25]

Nelson also explained that the NeoGov system rejected Chhim's application for PN 10246 Custodian because Chhim did not possess a valid driver's license, a job requirement.[26] The City's summary judgment evidence also included an affidavit and supporting records showing that the successful candidate for PN 11004, Maintenance Mechanic III, Sean Hoang, was of Asian descent.[27]

## C. Procedural Background

On August 30, 2016, the EEOC sent Chhim a right-to-sue letter.[28] Chhim filed this suit on September 19, 2016. In his complaint filed with this court, Chhim also complained of other unsuccessful applications for jobs sought from June 2011 to September 2011, that were not listed on the administrative

---

[24] See id. p. 2.

[25] See id.

[26] See id.; see also, Ex. D to City's Mot. for Summ. J. Job Posting for PN 10246 stating that the minimum requirements for the job included a valid Texas driver's license p. 1.

[27] See Doc. 23-3, Ex. C to City's Mot. for Summ. J., Aff. of Sheila Bailey attaching employment records of Sean Hoang.

[28] Chhim timely filed this suit on September 19, 2016, but his in forma pauperis status was not approved until June 22, 2017. See Chhim v. City of Houston, 4:16mc2150, Doc. 1, Applic. for IFP status; Doc. 4, Ord. Granting IFP Status.

complaint filed with the EEOC.[29] Defendant filed the pending motion for summary judgment on March 15, 2018. Plaintiff has filed several responses to that motion.[30]

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings,

---

[29] See Doc. 1, Pl.'s Compl. p. 4.

[30] See Doc. 24, Pl.'s Resp. to Def.'s Mot. for Summ. J.; Doc. 25, Pl's Am. Mot. to Pl.'s Resp. to Def.'s Mot. for Summ. J.; and Doc. 27, Pl.'s Surreply to Def.'s Reply.

depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory

allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III.  Analysis

In its motion for summary judgment, the City argues that: (1) Chhim has not met his burden to show a prima facie case of discrimination; (2) the City had a non-pretextual reason for not hiring Chhim; and (3) Chhim cannot establish a prima facie case of retaliation.

Title VII prohibits employers from "discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

In the absence of direct evidence, courts analyze discrimination claims under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792

(1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004). Under this "modified McDonnell Douglas approach," a plaintiff may trigger a presumption of discrimination by establishing a prima facie case. Rachid, 376 F.3d at 312.

A prima facie case of discrimination for failure to hire requires the plaintiff to show that he: (1) is a member of a protected class; (2) he applied and was qualified for a job for which the employer was hiring; (3) he was not selected for the position, despite his qualifications; and (4) after he was rejected, the position stayed open and the employer continued to seek applicants with the plaintiff's qualifications. Johnson v. Maestri-Murrell Prop. Mgmt., LLC, 487 F. App'x 134, 138 (5th Cir. 2012)(unpublished)(citing McDonnell Douglas, 411 U.S. at 802); see also Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1087 (5th Cir. 1994). A plaintiff may also show that the position was filled by someone outside of his protected class. Davis v. Chevron, 14 F.3d 1082, 1087 (5th Cir. 1994).

Once a plaintiff has established a prima facie case, the burden shifts to the defendant to proffer legitimate, nondiscriminatory reasons for its actions. Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001). If the defendant satisfies this burden, then the presumption of

discrimination dissolves.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000); Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

The plaintiff must then offer evidence to create an issue of fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)." Rachid, 376 F.3d at 312 (internal quotation and alteration marks omitted).  If the plaintiff shows that the illegal discrimination was a motivating factor, the defendant must respond with evidence that the same employment decision would have been made regardless of discriminatory animus.  Id.

The ultimate burden of persuasion remains with the plaintiff. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 143 (2000). At the summary judgment stage, the court looks for "a conflict in substantial evidence to create a jury question regarding discrimination."  Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000).  The plaintiff must produce some evidence "demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Express Co., 283 F.3d 715, 720 5th Cir. 2002).  Evidence of the falsity of an employer's stated

11

justification may be enough, in some cases, to raise a fact issue on pretext, but only if a reasonable jury could conclude that the action was discriminatory. Reeves, 530 U.S. at 147-48.

### A. Prima Facie Case

Based on Chhim's expressed limitation in his deposition that this lawsuit only concerned his unsuccessful applications to positions in the General Services Department, the following positions are in issue: PN 09082 Custodian, PN 10134 Building Maintenance Supervisor, PN 10929 Custodian, PN 10246 Custodian, and PN 11004 Maintenance Mechanic III.

The City argues that Chhim has not made out a prima facie case of discrimination on two positions for the following reasons: (1) Chhim cannot show he was qualified for the PN 10246 Custodian position; and (2) Chhim cannot show that someone outside of the protected class was hired for the PN11004 Maintenance Mechanic III position.

The second element of a prima facie case is to allege sufficient evidence to show minimum qualifications for the position in issue. Johnson v. Maestri-Murrell Prop. Mgmt., LLC, 487 F. App'x at 138. The summary judgment evidence showed, and Chhim does not contest, that he did not possess a valid driver's license, a requirement for the PN 10246 Custodian position. Accordingly,

Chhim cannot make out a prima facie case of discrimination on this position.[31]

As to the Maintenance Mechanic III position, it appears to be undisputed that Sean Hoang, who self-declared his race to be Asian, was hired for the position.[32] While this may appear to negate the prima facie case of discrimination on the basis of race for that position, it does not address Chhim's allegations of discrimination on the basis of his national origin, color, age, or retaliation. The court assumes that Chhim has alleged a prima facie case of discrimination as to all positions in the General Services Department for which he applied and was rejected, except the PN 10246 Custodian position and moves on to consider the City's reason for his non-selection for the positions.

B. **Legitimate, Non-discriminatory Reason**

In her declaration, Nelson stated that in Chhim's applications for PN 09082 Custodian, PN 10134 Building Maintenance Supervisor, PN 10929 Custodian and PN 11004 Maintenance Mechanic III, he disclosed that he was a former City employee and had been terminated.[33] Nelson reviewed Chhim's personnel file to determine

---

[31] According to Nelson, the NeoGov on-line system automatically rejected Chhim's application based on this answer and it was not subject to further screening by the Human Resources Department. See Doc. 23-2, Ex. B to City's Mot. for Summ. J., Decl. of Lula Nelson p. 2.

[32] See Doc. 23-3, Ex. C to City's Mot. for Summ. J., City Processing Form for Sean Hoang p. 2.

[33] See id.

the reason for his termination.[34] Discovering that he had been terminated based on his job performance, Nelson determined that Chhim was ineligible for hire.[35] Although Chhim argues that his termination should not be disqualifying, he does not dispute that he was terminated from the City's employment in 1995.[36]

## C. **Evidence of Pretext**

"To carry [the pretext] burden in a discrimination case, the plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363 (5th Cir. 2013).

Here, Chhim argues that the fact that his applications were not referred to the hiring managers when other persons' applications were forwarded is evidence of pretext. Chhim's argument misses the mark – in order to raise a triable issue on his discrimination and retaliation claims, he must show that a similar application, disclosing a prior termination from the City, *was*

---

[34] Id.

[35] Id.

[36] Chhim argues that his 1995 termination was based on discrimination and not his job performance. See Doc. 27, Chhim's Surreply, p. 6. The jury found otherwise. See Chhim v. City of Houston, 4:95cv4970, Doc.41, Final J. Chhim's self-serving opinions are insufficient to raise a fact issue of discrimination or retaliation. See Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 153 (5th Cir. 1995)(finding that subjective beliefs are inadequate to satisfy the nonmovant's burden at the summary judgment stage of an employment discrimination case).

forwarded to a hiring manager. This, Chimm has not done. Chhim has not raised a fact issue that the City's legitimate, non-discriminatory reason for non-hire was a pretext for discrimination or retaliation.

## IV. Conclusion

For the reasons discussed above, it is **RECOMMENDED** that the City's Motion for Summary Judgment be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 10th day of October, 2018.

_____
U.S. MAGISTRATE JUDGE