# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-17-1975 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
|    *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Memorandum and Recommendation ("M&R") in which the Magistrate Judge recommends granting defendant City of Houston's ("the City") motion for summary judgment (Dkt. 23). Dkt. 29. Plaintiff Joseph Chhim objected. Dkts. 31, 32, 33, 34. The City responded. Dkt. 35. Having considered the M&R, objections, response, evidence, and applicable law, the court is of the opinion that the objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

## I. BACKGROUND

The M&R fully details the factual background of this case, and the court ADOPTS the background section of the M&R in full.

This is an employment discrimination case. Chhim sued the City for failing to rehire him after he had previously been terminated due to alleged discrimination based on his race, color, and national origin. Dkt. 1 at 3. Chimm also claims that the City chose to not rehire him in retaliation for filing discrimination complaints against the City with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 4.

## II. LEGAL STANDARD

### A.  Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### B.  Motion for Summary Judgment

A court shall grant summary judgment if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).  If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. OBJECTIONS

Chhim objects that the Magistrate Judge erred in finding that: (1) he did not meet his burden to show a prima facie case of discrimination; (2) he did not present evidence that established that the City of Houston's non-discriminatory reason was pretextual; and (3) he did not show sufficient

evidence of retaliation. Dkt. 33 at 4–9. Chhim also objects that the Magistrate Judge did not address his age discrimination claim. Dkt. 32 at 8.[1]

### 1. *Prima facie case of discrimination*

To establish a prima facie case in a failure to hire case under Title VII, a plaintiff must show (1) that the plaintiff was a member of a protected class; (2) that the plaintiff was qualified for the position for which he or she applied; (3) that the plaintiff was rejected; and (4) that after the rejection, the employer promoted, hired, or continued to seek someone outside the plaintiff's class for the job. *Jones v. Flagship Int'l*, 793 F.2d 714, 724 (5th Cir. 1986).

The Magistrate Judge concluded that Chhim did not establish a prima facie case of discrimination for the custodian and mechanic position. Dkt. 29 at 12–13. As to the custodian position, Judge Johnson found that Chhim was not qualified for the custodian position because he did not have a driver's license, a requirement for the position. Dkt. 33 at 6. Chhim argues that when he was applying for the custodian position and answering whether or not he had a driver's license, he may have accidentally checked "YES" twice. *Id.* Chhim alleges that this may have caused the program to believe that he had answered "NO." *Id.* Additionally, Chhim alleges that even though he accidentally clicked "NO," he still filled in a driver's license number. *Id.* Chhim contends that despite filling in a driver's license number, he was never called in to interview for a custodian position. *Id.*

---

[1] Chhim is a *pro se* plaintiff. *Pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court carefully read all of Chhims' filings and determined his four objections to the M&R.

Although Chhim contends that he filled in a driver's license number, he has not provided any actual summary judgment evidence that he had a driver's license when he applied for the custodian position. Further, there is evidence that a driver's license is a requirement for the custodian position. Dkt. 23-4 at 1. The M&R correctly concluded that Chhim did not make a prima facie case of discrimination for the custodian position because he was not qualified for the position. Chhim's objection regarding the custodian position is OVERRULED.

As to the mechanic position, Chhim argues that the Magistrate Judge erred when she concluded that Chhim cannot show that someone outside of the protected class was hired for the mechanic position after he was not hired. Dkt. 33 at 7. The M&R found that Sean Hoang, who self-declared his race as Asian when applying for the mechanic position, was hired for the position. Dkt. 29 at 13. Further, the M&R concluded that hiring Hoang negated the prima facie case of discrimination on the basis of race because Chhim is also Asian, but not Chhim's allegations of discrimination based on national origin, color, age, or retaliation. *Id.* Chhim objects that the Magistrate Judge erred because Hoang is not Cambodian like Chhim. Dkt. 33 at 7. Chhim's objection does not address the Magistrate Judge's conclusion that the prima facie case of discrimination on the basis of race is negated because Hoang, who is Asian, was hired for the mechanic position, instead of Chhim, who is also Asian. Chhim's objection is irrelevant and it is OVERRULED.

2. *Pretext*

Next, Chhim challenges the M&R's determination that he has not raised a fact issue that the City's legitimate, non-discriminatory reason was a pretext for discrimination or retaliation. Dkt. 33 at 7–8. The M&R determined that the City had a legitimate, non-discriminatory reason for not hiring

4

Chhim because Chhim had previously been terminated from employment with the City because of his job performance. Dkt. 29 at 13–14. Chhim argues this legitimate, nondiscriminatory reason is pretext because Luna Nelson, the Senior Human Resources Generalist, referred eleven other applicants who were eventually hired. Dkt. 33 at 8.[2] Further, Chhim argues that Nelson did refer one of his applications for a position when she knew he was a former city employee. Dkt. 34 at 2.

Again, Chhim's objection does not address the Magistrate's conclusion. The M&R concluded that Chhim failed to show pretext. Dkt. 29 at 14–15. The M&R explained that "to raise a triable issue on his discrimination and retaliation claims, [Chhim] must show that a similar application, disclosing a prior termination from the City, *was* forwarded to a hiring manager." Dkt. 29 at 14–15. In fact, Chhim does the opposite. Chhim states that Nelson did not find out that the eleven applicants had been terminated from the City previously and as such, referred the candidates for interviews. *See* Dkt. 33 at 8. Further, that his application was forwarded for an interview for one position, but not for others, does not raise a fact issue on pretext (*i.e.*, that the City's non discriminatory reason was pretextual because an applicant who had disclosed a prior termination from the city still had their application forwarded to a hiring manager). Accordingly, the court agrees with the M&R. This objection is OVERRULED.

---

[2]In the same paragraph, Chhim also argues there is no federal law that prevents the City from rehiring qualified candidates, but rather it is the City's own policy of not rehiring terminated employees that led to him not being hired. Dkt. 33 at 8. The court interprets this argument as an objection to the Magistrate Judge's conclusion that the City had a legitimate, non-discriminatory reason for not rehiring Chhim. The City is free to create its own policies as long as they are not discriminatory. Chhim's argument fails. Even if the court considers this an objection to the finding that Chhim did not present sufficient evidence of pretext, the court would similarly overrule this objection because it does not address the M&R's conclusion. To the extent Chhim is objecting, this objection is OVERRULED.

5

### 3. *Prima facie case of retaliation*

Chhim's third objection deals with his retaliation claim. Dkt. 33 at 3–4. He objects that he established causation to prove retaliation, but the Magistrate Judge simply ignored this evidence. *Id.* The Magistrate Judge did not ignore this evidence. Instead, the M&R determined that Chhim did not raise a fact issue that the City's legitimate, non-discriminatory reason for non-hire was a pretext for retaliation. Dkt. 29 at 14–15. Because Chhim did not meet his burden, his retaliation claim failed. Chhim's objection is irrelevant and OVERRULED.

### 4. *Age discrimination claim*

Finally, Chhim also objects that the Magistrate Judge failed to address his age discrimination claim under the ADEA. Dkt. 32 at 8. Although Chhim raised an age discrimination claim in his EEOC charge, he failed to include such a claim in his original complaint. *See* Dkt. 1. The Magistrate Judge was correct in not addressing his age discrimination claim. Chhim's objection relating to the age discrimination claim is OVERRULED.

## IV. CONCLUSION

Chhim's objections (Dkts. 31, 32, 33, 34) are OVERRULED. The M&R (Dkt.29) is ADOPTED IN FULL. The City's motion for summary judgment (Dkt. 23) is GRANTED and Chhim's claims (Dkt. 1) are DISMISSED WITH PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on March 1, 2019.

_____
Gray H. Miller
Senior United States District Judge